United States District Court
Southern District of Texas
**ENTERED**
June 21, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **GABRIELA HABERER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-3306** |
| | § | |
| **PRUDENTIAL INSURANCE** | § | |
| **COMPANY OF AMERICA AND** | § | |
| **SYMMETRY ENERGY** | § | |
| **SOLUTIONS,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff Gabriela Haberer's ("Haberer") Motion for Leave to File Amended Complaint (ECF No. 31).  Also pending before the Court is Defendant Prudential Insurance Company of America's ("Prudential") Motion to Dismiss Plaintiff's Complaint (ECF No. 14) and Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 21), and Defendant Symmetry Energy Solutions' ("Symmetry") Rule 12(b)(6) Motion to Dismiss (ECF No. 16) and Rule 12(b)(6) Motion to Dismiss and to Strike Jury Demand (ECF No. 23) (collectively, "Defendants").[1]  Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Haberer's

---

[1] On April 22, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  (ECF No. 43).

Motion for Leave to File Amended Complaint (ECF No. 31) be **GRANTED IN PART** and **DENIED IN PART**, Prudential's Motion to Dismiss Plaintiff's Complaint (ECF No. 14) be **DENIED AS MOOT** and Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 21) be **GRANTED**, Symmetry's Rule 12(b)(6) Motion to Dismiss (ECF No. 16) be **DENIED AS MOOT** and Rule 12(b)(6) Motion to Dismiss and to Strike Jury Demand (ECF No. 23) be **GRANTED,** and the action be **DISMISSED** with prejudice.[2]

## I.    Background

Haberer originally filed suit against Defendants in the 133rd Judicial District Court of Harris County, Texas.  (ECF No. 1).  On September 5, 2023, Symmetry, with Prudential's consent, filed a notice of removal.  (*Id.*).  The basis of this action is to recover benefits under Matthew Haberer's ("Mr. Haberer"), Haberer's deceased husband, life insurance policy.  (ECF No. 18 at ¶¶ 1–2).

---

[2] "A plaintiff's filing of an amended complaint may render moot a pending motion to dismiss." *Rodriguez v. Xerox Bus. Servs.*, LLC, No. 16-cv-41, 2016 WL 8674378, at *1 (W.D. Tex. June 16, 2016). Here, Haberer's First Amended Complaint (ECF No. 18) supersedes the Original Petition. *See Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 282 (W.D. Tex. 2014) ("It is well-settled in the Fifth Circuit that an amended complaint supersedes the original complaint, and the original complaint has no legal effect, except to the extent that it is incorporated by reference into the amended complaint."). Here, Haberer did not incorporate the Original Petition by reference. As such, the Court recommends Prudential's Motion to Dismiss Plaintiff's Complaint (ECF No. 14) and Symmetry's Rule 12(b)(6) Motion to Dismiss (ECF No. 16) be denied as moot. *See Aetna Inc. v. People's Choice Hosp., LLC*, No. 18-cv-00323, 2018 WL 6220169, at *3 (W.D. Tex. June 18, 2018) (denying defendants' motions to dismiss as moot where plaintiffs' amended complaint supersedes the original complaint that is the subject of defendants' motions to dismiss).

Haberer seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA").[3]  (*Id.* at ¶ 3).

Symmetry was Mr. Haberer's employer prior to his death.  (*Id.* at ¶ 9). While employed at Symmetry, Mr. Haberer enrolled in a life insurance policy (the "Policy" or the "Plan"), which was issued by Prudential.  (*Id.* at ¶ 10).  Mr. Haberer had $50,000.00 in basic life insurance and $1,470,000.00 in voluntary life insurance.  (*Id.* at ¶ 13; ECF No. 18-2 at 2).

In March 2018, Mr. Haberer was diagnosed with a cancerous brain tumor.  (ECF No. 18 at ¶ 14).  Haberer alleges Symmetry was aware of Mr. Haberer's cancerous brain tumor and his deteriorating health, including vision impairment and an inability to read and write.  (*Id.* at ¶¶ 15–16).  In December 2020, Symmetry informed Mr. Haberer that he would be terminated and his official last day of employment with Symmetry was December 31, 2020.  (*Id.* at ¶¶ 18–20).  Also, on December 31, 2020, "Symmetry emailed a two-page 'Notice of Group Life Conversion Privilege Form,' which required only Mr. Haberer's signature, to be submitted to Prudential by January 31, 202[1], in order to convert the Policy into a private policy following the termination of his

---

[3] Haberer brings two claims under ERISA, including: ERISA § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B) and ERISA § 502(a)(3), 29 U.S.C § 1132(a)(3).  (*Id.*).  ERISA § 502 is codified at 29 U.S.C. § 1132, "which authorizes a plan participant to bring a civil action to recover benefits under the terms of the plan."  *Vazquez v. AMO Enters., Inc.*, No. 3:12-cv-00029, 2013 WL 593457, at *1 (W.D. Tex. Feb. 14, 2013).  For brevity's sake, the Court will refer to these claims as the ERISA § 502(a)(1)(B) and ERISA § 502(a)(3) claims.

employment." (*Id.* at ¶ 21).  Mr. Haberer failed to return the "Notice of Group Life Conversion Privilege Form."  (*Id.* at ¶ 25).  Mr. Haberer died on June 9, 2021.  (*Id.* at ¶ 26).

After Mr. Haberer's death, Symmetry denied Haberer benefits under the Policy, claiming that the Policy had lapsed due to the failure to sign and return the "Notice of Group Life Conversion Privilege Form."  (*Id.* at ¶ 27).  The crux of Haberer's claims revolve around her argument that "[d]espite knowing of Mr. Haberer's deteriorating health and mental conditions, Defendants made no other efforts to ensure that Mr. or Mrs. Haberer knew of this form and the deadline to sign and return it."  (*Id.* at ¶ 24).

In the instant case, Haberer first filed an Original Petition in state court and it was subsequently removed to this Court. (ECF No. 1-1).  Defendants both filed motions to dismiss Haberer's Original Petition.  (ECF Nos. 14, 16). On November 30, 2023, Haberer filed a First Amended Complaint.  (ECF No. 18).  Again, Defendants both filed motions to dismiss Haberer's First Amended Complaint.  (ECF Nos. 21, 23).  Haberer now asks the Court for leave to file a second amended complaint, which Defendants oppose in part.  (ECF Nos. 31–32).

## II.     Legal Standard

### A.     Leave to Amend

"[S]tandards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, [thus], the Court must [initially] determine . . . whether the motion was filed before or after the deadline." *Carter v. H2R Rest. Holdings, LLC*, No. 3:16-cv-1554, 2017 WL 1653622, at *2 (N.D. Tex. Apr. 3, 2017), *report and recommendation adopted*, No. 3:16-cv-1554, 2017 WL 1608751 (N.D. Tex. Apr. 28, 2017).

When a party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) provides that a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2).   While not automatic, federal policy is to allow liberal amendment "'to facilitate the determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.'" *Carter*, 2017 WL 1653622, at *2 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).   "The language of Rule 15(a) 'evinces a bias in favor of granting leave to amend,' and the Court must have a 'substantial reason' for denying such a request." *Amaru Ent., Inc. v. Brent*, No. 3:22-cv-2677, 2023 WL 3575562, at *2 (N.D. Tex. May 19, 2023) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).   Courts consider factors such as "undue delay, bad faith, dilatory

5

motive, or undue prejudice to the opposing party" when determining if there is a substantial reason for denying a motion to amend. *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999).

Further, for amendment to be appropriate, a plaintiff must allege a proper claim for relief. "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Futility is interpreted to mean "that the amended complaint would fail to state a claim upon which relief could be granted." *Id.*

### B.    Rule 12(b)(6)

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

6

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175-TJW, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference,

items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024).

## III.   Discussion

There are five motions pending before the Court: (1) Haberer's Motion for Leave to File Amended Complaint; (2) Prudential's Motion to Dismiss Plaintiff's Complaint; (3) Prudential's Motion to Dismiss Plaintiff's First Amended Complaint; (4) Symmetry's Rule 12(b)(6) Motion to Dismiss; and (5) Symmetry's Rule 12(b)(6) Motion to Dismiss and to Strike Jury Demand. (ECF Nos. 14, 16, 21, 23, 31). Due to the procedural posture of these motions, the Court will address each claim and defense asserted by Haberer and the plausibility of such claims and defenses in turn.

### A.   Negligence, Breach of Contract, Unfair Insurance Practices, Violation of Prompt Payment of Claims, Breach of Fiduciary Duty, and Breach of the Duty of Good Faith and Fair Dealing

Before this case was removed to this Court, Haberer filed an Original Petition in state court. (ECF No. 1-1). On November 30, 2023, Haberer filed a First Amended Complaint. (ECF No. 18). Haberer now seeks leave to file a Second Amended Complaint. (ECF No. 31–32). However, Haberer's First Amended Complaint omits claims that were asserted in the Original Petition

and Haberer does not reassert the omitted claims in her Motion for Leave to File Amended Complaint. (*See* ECF Nos. 1-1, 18, 31, 32). The claims Haberer omits include: Negligence, Breach of Contract, Unfair Insurance Practices, Violation of Prompt Payment of Claims, Breach of Fiduciary Duty, and Breach of the Duty of Good Faith and Fair Dealing. (*See id.*).

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). A claim that has not been reasserted in an amended complaint is deemed abandoned when the amended complaint "neither 'specifically refers to' nor 'adopts or incorporates by reference'" the claims in the original complaint. *Taylor v. Acad. P'ships LLC*, No. 3:19-cv-1764, 2020 WL 5127791, at *1 (N.D. Tex. June 17, 2020), *report and recommendation adopted*, No. 3:19-cv-1764, 2020 WL 5110370 (N.D. Tex. Aug. 29, 2020), *aff'd sub nom. Taylor v. Acad. P'ships L.L.C.*, No. 20-11205, 2021 WL 3719351 (5th Cir. Aug. 20, 2021) (citing *King*, 31 F.3d at 346).

Here, Haberer has abandoned her claims for Negligence, Breach of Contract, Unfair Insurance Practices, Violation of Prompt Payment of Claims, Breach of Fiduciary Duty, and Breach of the Duty of Good Faith and Fair Dealing by failing to reassert these claims in her First Amended Complaint or

by incorporating them by reference.  As such, the Court recommends Haberer's claims for Negligence, Breach of Contract, Unfair Insurance Practices, Violation of Prompt Payment of Claims, Breach of Fiduciary Duty and Breach of the Duty of Good Faith and Fair Dealing be dismissed with prejudice as they have been abandoned.[4]  *See Mocsary v. Ard*, No. 17-cv-1713, 2018 WL 4608485, at *13 (M.D. La. Sept. 25, 2018) (dismissing claims with prejudice when they are deemed abandoned).

### B.   Fraudulent Concealment, Fraud, the Discovery Rule, and Damages Under the Texas Insurance Business Code

Prudential and Symmetry both argue that Haberer's remaining state law claims for fraudulent concealment and fraud should be dismissed because each are preempted by ERISA and because Haberer does not meet the heightened pleading standard set forth by Rule 9(b).  (ECF No. 15 at 8; ECF No. 16 at 7; ECF No. 22 at 6; ECF No. 23 at 9).  In Haberer's Motion for Leave to File Amended Complaint, Haberer seeks to "remove state claims for fraud preempted by ERISA."  (ECF No. 31 at 2).

When a party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) provides that a district court "should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  Because Haberer

---

[4] The Court recommends dismissal of Haberer's Breach of Fiduciary Duty claim to the extent that it is founded in state law, as Haberer now furthers her Breach of Fiduciary Duty claim under ERISA § 502.  (ECF No. 18 at 6).

does not cite to an existing scheduling order and because the Court cannot locate a scheduling order, the Court will apply Rule 15(a) in determining whether Haberer should be allowed leave to amend. (ECF No. 31 at 1 (citing a nonexistent docket number as the scheduling order)). Importantly, Prudential and Symmetry are unopposed to the removal of Haberer's claims for fraudulent concealment and fraud, thus, there is no substantial reason to force Prudential and Symmetry to litigate such claims, especially this early in litigation. (*See* ECF Nos. 40, 41). Even so, the Parties concede that the fraudulent concealment and fraud claims are both preempted by ERISA. Accordingly, the Court recommends Haberer's fraudulent concealment and fraud claims be dismissed with prejudice. *See Burgos v. Grp. & Pension Adm'rs, Inc.*, 286 F. Supp. 2d 812, 819 (S.D. Tex. 2003) (dismissing state law claims that are preempted by ERISA with prejudice).

Next, Haberer fails to reassert the Discovery Rule in her Proposed Second Amended Complaint. Because Haberer chose not to reassert the Discovery Rule, she has abandoned the Discovery Rule. A claim that has not been reasserted in an amended complaint is deemed abandoned when the amended complaint "neither 'specifically refers to' nor 'adopts or incorporates by reference'" the claims in the original complaint. *Taylor*, 2020 WL 5127791, at *1 (citing *King*, 31 F.3d at 346). Haberer neither refers to the Discovery Rule nor incorporates it by reference in her Motion for Leave to File Amended

11

Complaint.  Thus, Haberer has abandoned the Discovery Rule and the Court recommends it be dismissed with prejudice.  *See Mocsary*, 2018 WL 4608485, at *13 (dismissing claims with prejudice when they are deemed abandoned).

Haberer also seeks to remove "references in the First Amended Complaint pertaining to damages claimed under Texas Insurance Business Code in order to clarify further that [Haberer] do[es] not seek such relief." (ECF No. 31 at 2).   In Haberer's First Amended Complaint, she seeks "additional statutory damages under the Insurance and Business Code." (ECF No. 18 at 10).   Because Haberer concedes that her state law claims are preempted by ERISA and she seeks to remove such claims, the "sole remedy then is through the provisions of the ERISA statutory scheme."  *Solomon v. Lincoln Nat'l Corp.*, No. 4:15-cv-02340, 2015 WL 12778801, at *8 (S.D. Tex. Nov. 12, 2015), *report and recommendation adopted sub nom. Solomon v. Lincoln Nat'l Life Ins. Co.*, No. 4:15-cv-2340, 2015 WL 12778802 (S.D. Tex. Dec. 8, 2015).   Accordingly, Haberer is not entitled to damages pertaining to abandoned or removed state law claims.

### C.    ERISA § 502(a)(1)(B) Claim

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'"

12

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. §
1001(b)).  "The purpose of ERISA is to provide a uniform regulatory regime
over employee benefit plans."  *Id.*  "To this end, ERISA includes expansive pre-
emption provisions, *see* ERISA § 514, 29 U.S.C. § 1144, which are intended to
ensure that employee benefit plan regulation would be 'exclusively a federal
concern.'"  *Id.* (quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523,
(1981)).  "ERISA's 'comprehensive legislative scheme' includes 'an integrated
system of procedures for enforcement.'"  *Id.* (quoting *Mass. Mut. Life Ins. Co.
v. Russell,* 473 U.S. 134, 147 (1985) (internal quotation marks omitted)).  "This
integrated enforcement mechanism, ERISA § 502(a), 29 U.S.C. § 1132(a), is a
distinctive feature of ERISA, and essential to accomplish Congress' purpose of
creating a comprehensive statute for the regulation of employee benefit plans."
*Id.*

Under 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a
participant or beneficiary "to recover benefits due to him under the terms of
his plan, to enforce his rights under the terms of the plan, or to clarify his rights
to future benefits under the terms of the plan."

### 1.    Prudential

Prudential seeks to dismiss Haberer's ERISA § 502(a)(1)(B) claim
arguing that: (1) the group life insurance coverage ended before Mr. Haberer's

death; and (2) the coverage was not timely converted to an individual policy. (ECF No. 22 at 6; ECF No. 40 at 2).

"'[T]o assert a claim for benefits under ERISA, a plaintiff must identify a specific plan term that confers the benefits in question.'" *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex., Inc.*, 16 F. Supp. 3d 767, 778 (S.D. Tex. 2014) (quoting *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 995 F.Supp.2d 587, 600 (N.D. Tex. 2014)). When a plaintiff is notified of an insurance conversion application, is given a thirty-one-day period to apply for individual life insurance, fails to apply for such conversion within the time-period, and then dies, it results in the plaintiff not being covered under the policy. *See Jones v. Ga. Pac. Corp.*, 90 F.3d 114, 117–18 (5th Cir. 1996) (explaining that "[b]ecause Higgins did not apply for an individual life insurance policy within the acquisition period, he was not covered by any policy when he died" a day after the acquisition period terminated); *Beazley v. Metro. Life Ins. Co.*, 413 F. Supp. 3d 535, 546–48 (W.D. La. 2019), aff'd, 813 F. App'x 940 (5th Cir. 2020) (holding that because Mr. Beazley did not apply for conversion and then died more than thirty-one days from the date his coverage was terminated, no coverage was in effect at the time of his death).

Here, Haberer alleges "Symmetry emailed a two-page 'Notice of Group Life Conversion Privilege Form,' which required only Mr. Haberer's signature, to be submitted to Prudential by January 31, 202[1], in order to convert the

14

Policy into a private policy following the termination of his employment" on December 31, 2020, but that Mr. Haberer "failed to return it." (ECF No. 18 at ¶¶ 20–21, 25). Subsequently, Mr. Haberer passed on June 9, 2021, and the Policy lapsed. (*Id.* at ¶¶ 26–27). The Policy provides that:

> The individual contract must be applied for and the first premium must be paid by the later of:
> (1) the thirty-first day after you cease to be insured for Dependents Term Life Coverage with respect to the dependent; and
> (2) the fifteenth day after you have been given written notice of the conversion privilege. But, in no event may you convert the insurance to an individual contract if you do not apply for the contract and pay the first premium prior to the ninety-second day after you cease to be insured for Dependents Term Life Coverage with respect to the dependent.

(ECF No. 22-2 at 28).

Because Mr. Haberer was sent a "Notice of Group Life Conversion Privilege Form" after he was terminated, was given thirty-one days to apply for conversion, failed to apply for conversion within the thirty-one days, failed to pay the premium, and subsequently passed, he failed to timely convert the Policy and the coverage was not in effect at the time of his death. Although Haberer attempts to "clarify the counts alleged pursuant to [the] ERISA provision," the aforementioned facts are reasserted in Haberer's Proposed Second Amended Complaint.

Next, the Court moves to Haberer's Motion for Leave to File Amended Complaint. (*See* ECF Nos. 31, 32). With regard to Haberer's ERISA

§ 502(a)(1)(B) claim, it cannot be cured as alleged against Prudential. Haberer maintains that Symmetry "emailed a two-page 'Notice of Group Life Conversion Privilege Form,' which required only Mr. Haberer's signature, to be submitted to Prudential by January 31, 202[1], in order to convert the Policy into a private policy following the termination of his employment" and that Mr. Haberer "failed to return it." (ECF No. 32 at ¶¶ 20–21, 24). These same allegations that Haberer pleads in her Proposed Second Amended Complaint still render her ERISA § 502(a)(1)(B) claim futile as explained above. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 379 (5th Cir. 2014) ("We have explained that an amended complaint is futile if it fails to state a claim upon which relief may be granted.").

As such, the Court recommends Prudential's Motion to Dismiss (ECF No. 21) be granted with respect to Haberer's ERISA § 502(a)(1)(B) claim because Haberer fails to identify a specific plan term that confers the benefits in question because coverage was not in effect at the time of Mr. Haberer's death. The Court recommends Haberer's ERISA § 502(a)(1)(B) claim against Prudential be dismissed with prejudice. *See Houston Home Dialysis, LP v. Blue Cross & Blue Shield of Tex., a Div. of Health Care Serv. Corp.*, No. 17-cv-2095, 2018 WL 2562692, at *4 (S.D. Tex. June 4, 2018) (dismissing claims with prejudice when amendment is futile). Furthermore, the Court recommends

Haberer's Motion for Leave to File Amended Complaint be denied with respect to her ERISA § 502(a)(1)(B) claim against Prudential.

### 2.   Symmetry

Symmetry seeks to dismiss Haberer's ERISA § 502(a)(1)(B) claim arguing that Symmetry, as an employer, is not a proper defendant.  (ECF No. 23 at 23; ECF No. 41 at 7).  The Court agrees.

"The Fifth Circuit has held that an employer is not a proper defendant for a denial-of-benefits claim where the instrument governing the ERISA plan gives another entity the final authority to make benefits determinations." *Wegner v. Tetra Pak, Inc.*, 643 F. Supp. 3d 659, 669 (E.D. Tex. 2022) (citing *Armando v. AT&T Mobility*, 487 F.App'x 877, 879 (5th Cir. 2012)); *cf. Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 (5th Cir. 2003) ("[P]lan beneficiaries can sue the employer when it was the employer's decision to deny benefits.").

Symmetry alleges the "life insurance benefits Plaintiff seeks under the Policy are insured by Prudential" and that the Policy "notes that for insured benefits, the insurance policy controls and the insurer is delegated the sole and final authority to interpret the policy's terms and determine benefits eligibility."  (ECF No. 23 at 23).  Accordingly, Symmetry claims "because Prudential, not Symmetry, sets its own Policy terms and conditions, determines benefits eligibility under the Policy, and ultimately owes the money

17

when benefits are due, Symmetry is not a proper defendant on any denial of benefits claim." (*Id.* at 24). As the claims administrator, Prudential had the final authority to make benefits determinations and Haberer's claim under ERISA § 502(a)(1)(B) is not properly asserted against Symmetry.

Next, the Court moves to Haberer's Motion for Leave to File Amended Complaint. (*See* ECF Nos. 31, 32). With regard to Haberer's ERISA § 502(a)(1)(B) claim, it cannot be cured as alleged against Symmetry. Because Symmetry is an improper Defendant under this claim, amendment would be futile. *See Marucci Sports, L.L.C.*, 751 F.3d at 379 ("We have explained that an amended complaint is futile if it fails to state a claim upon which relief may be granted.").

As such, the Court recommends Symmetry's Motion to Dismiss (ECF No. 23) be granted with respect to Haberer's ERISA § 502(a)(1)(B) claim because Symmetry is not a proper defendant. The Court recommends Haberer's ERISA § 502(a)(1)(B) claim against Symmetry be dismissed with prejudice. *See Houston Home Dialysis, LP*, 2018 WL 2562692, at *4 (dismissing claims with prejudice when amendment is futile). Further, the Court recommends Haberer's Motion for Leave to File Amended Complaint be denied with respect to her ERISA § 502(a)(1)(B) claim against Symmetry.

### D.     ERISA § 502(a)(3) Claim

Haberer's ERISA § 502(a)(3) claim is based on the premise that Defendants breached their fiduciary duties because, upon Mr. Haberer's receipt of the "Notice of Group Life Conversion Privilege Form," neither Defendants acted further in ensuring Mr. Haberer submitted the form as required despite their awareness of his deteriorating health condition.  (ECF No. 18 at 6).  Defendants both argue that Haberer fails to state a claim because she does not identify a fiduciary duty imposed by ERISA in which either breached.  (ECF No. 22 at 16; ECF No. 23 at 25).  Moreover, Defendants argue that Haberer's Motion for Leave to File Amended Complaint should be denied for failure to cure defects in her First Amended Complaint, thus, making this claim futile.  (ECF No. 40 at 6; ECF No. 41 at 7).

Under 29 U.S.C. § 1132(a)(3), a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

"For plaintiffs to be entitled to 'appropriate equitable relief' under section 502(a)(3), they must establish that the defendant is (a) a plan fiduciary, (b) has breached its fiduciary duties under ERISA, (c) that such a breach caused the plaintiff's injury and (d) that the equitable relief sought is indeed appropriate."

19

*Hobbs v. Baker Hughes Oilfield Operations, Inc.*, No. 06-cv-97, 2007 WL 4223666, at \*5 (S.D. Tex. Nov. 28, 2007), *aff'd*, 294 F. App'x 156 (5th Cir. 2008).

Defendants specifically argue that ERISA imposes no fiduciary duty beyond notifying Mr. Haberer of conversion rights. (ECF No. 22 at 17; ECF No. 23 at 26). Further, Defendants argue that ERISA does not impose a heightened legal obligation to provide guidance beyond notice of conversion based on health conditions. (ECF No. 23 at 26; ECF No. 40 at 8). The Court agrees with Defendants. *See Shonowo v. Transocean Offshore Deepwater, Inc.*, No. 4:10-cv-1500, 2011 WL 3418405, at \*7 (S.D. Tex. Aug. 3, 2011) ("[T]his Court is unaware of any provision under ERISA that requires an employer to personally marshal an employee through the application process when there is knowledge of an employee's illness."); *Hobbs*, 2007 WL 4223666, at \*7 ("ERISA employers do not breach their fiduciary duties when the plaintiff make[s] no allegations [ ] of deceptive trade practices, misrepresentations, or other behavior typically associated with fiduciary breaches by employers under ERISA, as required by Varity." (quotations and emphasis omitted)); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 558 (S.D. Tex. 2003) ("[A]bsent a specific participant-initiated inquiry, a plan administrator does not have any fiduciary duty to determine whether confusion about a plan term or condition exists. It is only after the plan administrator does receive an inquiry that it has a fiduciary duty to respond

20

promptly and adequately in a way that is not misleading."); *Beazley v. Metro. Life Ins. Co.*, 813 F. App'x 940, 942 (5th Cir. 2020) ("[Plaintiffs] identify neither caselaw nor any statutory, regulatory, or Plan provision imposing a duty on MetLife to provide notice to Mr. Beazley of his option to convert or port his policies beyond that already contained in the Plan. Because Plaintiffs fail to identify such a duty, they do not demonstrate that MetLife abused its discretion by mailing notice of the right to convert or port in a dilatory manner.").

Haberer claims that she has alleged sufficient facts under her ERISA § 502(a)(3) claim to survive the motion to dismiss stage.   (ECF No. 33 at 4). Haberer first asserts that she has sufficiently alleged that "Symmetry acts as administrator of the plan is a plan fiduciary [and the] Plan also sets forth that Prudential is a 'claim fiduciary.'"   (*Id.*).   Additionally, Haberer claims "Plaintiff sufficiently pleads facts setting forth what the material omissions were (failure to disclose to [Haberer and Mr. Haberer] the need to sign and return a conversion form) and how [Haberer] and her now-deceased husband[] detrimentally relied on Defendant's inadequate disclosures."   (*Id.*).   However, Haberer fails to cite authority to support the notion that Defendants have a fiduciary duty to disclose more than they did in the conversion notice.

The only case law that Haberer relies upon is factually distinguishable and nonbinding.   (*Id.*); *see Erwood v. Life Ins. Co. of N. Am.*, No. 14-cv-1284,

2017 WL 1383922 (W.D. Pa. Apr. 13, 2017). Importantly, in *Erwood*, "[i]t is undisputed that at no point did anyone at WellStar, the employer, inform the Erwoods as to the need for conversion to keep their life insurance benefits 'the same' at the post-FMLA stage, nor did anyone at WellStar ever issue a conversion notice to the Erwoods." *Erwood*, 2017 WL 1383922, at *9. The Court found that WellStar "failed to adequately inform the Erwoods of the actions that they needed to take to convert the life insurance policies" and "that WellStar failed to provide to the Erwoods the conversion forms they needed to complete and submit to continue Dr. Erwood's life insurance." *Id.* at *11.

Here, it is undisputed that "Symmetry emailed a two-page 'Notice of Group Life Conversion Privilege Form,' which required only Mr. Haberer's signature, to be submitted to Prudential by January 31, 202[1], in order to convert the Policy into a private policy following the termination of his employment" on December 31, 2020. (ECF No. 18 at ¶¶ 20–21). Unlike the plaintiff in *Erwood*, Haberer concedes that Mr. Haberer received a notice of conversion. (*Id.*). The Court in *Erwood* focused on the lack of notice of conversion when holding that WellStar breached a fiduciary duty, which is not present here. *Erwood*, 2017 WL 1383922, at *11. Additionally, Haberer's argument that "[i]t is entirely unreasonable to expect M[r.] Haberer, who was mentally incapacitated at the time of Symmetry's email, or his wife, who was attending to him, to be on the lookout for an email with a one page conversion

form attached when they were never appraised of its existence or the rights and benefits that they would forgo if they failed to provide a signed copy to Defendants" is also not supported by any authority.  (ECF No. 30 at 5–6). Defendants have provided the Court with case law that aligns with the notion that they did not breach a fiduciary duty by sending a notice of conversion and not doing more in ensuring Mr. Haberer submitted the conversion forms due to Mr. Haberer's health condition.  *See Shonowo*, 2011 WL 3418405, at *7; *Hobbs*, 2007 WL 4223666, at *7; *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d at 558; *Beazley*, 813 F. App'x at 942.

Next, the Court moves to Haberer's Motion for Leave to File Amended Complaint. (*See* ECF Nos. 31, 32).  With regard to Haberer's ERISA § 502(a)(3) claim, her Motion for Leave to File Amended Complaint includes more facts relating to Defendants awareness of Mr. Haberer's declining health condition, and, as a result, Defendants need to do more than just send the conversion notice.  As established, awareness of a health condition is not enough to trigger some sort of "heightened" fiduciary duty.  Also, Haberer now asserts that Defendants "failed to provide [her] with the conversion form she needed to sign and return on behalf of her husband," but then claims that the "Plan's terms requiring that Mr. Haberer sign and return the form required to convert the policy are material."  (ECF No. 32 at ¶¶ 49–50).  These assertions are contradictory and Haberer's own exhibit shows that it was Mr. Haberer who

23

needed to sign the conversion form, not Haberer.  (ECF No. 18-2 at 2).  These factual additions are not sufficient to cure the defects in Haberer's ERISA § 502(a)(3) claim.

As such, the Court recommends Prudential and Symmetry's Motions to Dismiss (ECF Nos. 21, 23) be granted with respect to Haberer's ERISA § 502(a)(3) claim.  The Court recommends Haberer's ERISA § 502(a)(3) claim be dismissed with prejudice.  *See Houston Home Dialysis, LP*, 2018 WL 2562692, at \*4 (dismissing claims with prejudice when amendment is futile).  Furthermore, the Court recommends Haberer's Motion for Leave to File Amended Complaint be denied with respect to her ERISA § 502(a)(3) claim against Defendants.

### E.    ERISA § 502 Damages and Injury

Symmetry argues that ERISA § 502(a)(3) does not permit the legal relief Plaintiff seeks because Haberer does not seek equitable relief.  (ECF No. 23 at 29; ECF No. 41 at 13).  Furthermore, Symmetry argues that Haberer fails to identify a separate and distinct injury other than a loss of benefits in accordance with ERISA § 502(a)(3).  (ECF No. 23 at 27; ECF No. 41 at 12).  Because the Court recommends dismissal of Haberer's ERISA § 502 claims on other grounds, the Court need not reach the issue regarding damages and injury.  *See Levantino v. Gateway Mortg. Grp.*, No. 3:20-CV-366, 2020 WL 5815914, at \*4 (N.D. Tex. Sept. 30, 2020) ("[T]he court need not address

24

whether Plaintiff sufficiently pleaded allegations supporting damages, as she fails to sufficiently plead allegations with respect to the second and third elements of the claim.").

### F.    EBSA Disaster Relief

Prudential argues that Haberer's claim for EBSA Disaster Relief does not apply to the "conversion period" at issue here.   (ECF No. 22 at 14). Specifically, Prudential argues that EBSA Disaster Relief "only extended the timeframes for certain healthcare enrollment deadlines ((II)(A)), certain COBRA deadlines ((II)(B)), claim procedure deadlines ((II)(C) (forbidding 'provisions that unduly inhibit or hamper the initiation or processing of claims for benefits'), and external review process timeframes ((II)(D)). 85 FR 26531-01." (*Id.* at 15).   Prudential asserts that EBSA Disaster Relief "does not even mention, let alone extend, life insurance conversion deadlines." (*Id.*).   Haberer fails to respond to Prudential's argument that her request for EBSA Disaster Relief does not apply here.

"At the motion to dismiss stage, plaintiffs must defend their claims against the movant's arguments in order to preserve those claims." *Douglas v. Dorchester Properties Ltd*, No. 3:22-cv-100, 2023 WL 5156337, at *4 (N.D. Tex. May 17, 2023), *report and recommendation adopted sub nom. Douglas v. Dorchester Properties Ltd.*, No. 3:22-cv-100, 2023 WL 5155287 (N.D. Tex. Aug. 9, 2023) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir.

25

2006) (holding that although the plaintiff tried to establish a claim in her complaint, she abandoned that claim because she did not defend it in her response to the defendant's motion to dismiss and thus "fail[ed] to pursue this claim beyond her complaint [which] constituted abandonment")).  As such, the Court recommends Prudential's Motion to Dismiss be granted with respect to Haberer's EBSA Disaster Relief claim for failure to defend her claim and the claim be dismissed with prejudice.  *See Mocsary*, 2018 WL 4608485, at *13 (dismissing claims with prejudice when they are deemed abandoned).

### G.    Jury Demand

Defendants move to strike Haberer's jury demand in accordance with Rules 38 and 39, in the event that her ERISA § 502 claims are not dismissed. (ECF No. 22 n.4; ECF No. 23 at 8).

"The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." FED. R. CIV. P. 38(a). According to Rule 39(a)(2),

> [w]hen a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

"To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought."  *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323 (5th Cir. 1994).  "ERISA law is closely

analogous to the law of trusts, an area within the exclusive jurisdiction of the courts of equity." *Id.* at 1324. "We have held, as have the majority of the other circuits, that ERISA claims do not entitle a plaintiff to a jury trial." *Id.*

Here, the Court recommends that Haberer's ERISA § 502 claims be dismissed, thus, not entitling Haberer to a jury trial on those claims. However, even if Haberer's ERISA § 502 claims survive, she would not be entitled to a jury trial on the ERISA claims as they are founded in equity. *See id.*

## IV.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** Haberer's Motion for Leave to File Amended Complaint (ECF No. 31) be **GRANTED IN PART** with respect to the removal of state law preempted claims and **DENIED IN PART** with respect to amending Haberer's ERISA § 502 claims. Further, the Court **RECOMMENDS** Prudential's Motion to Dismiss Plaintiff's Complaint (ECF No. 14) be **DENIED AS MOOT** and Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 21) be **GRANTED**, Symmetry's Rule 12(b)(6) Motion to Dismiss (ECF No. 16) be **DENIED AS MOOT** and Rule 12(b)(6) Motion to Dismiss and to Strike Jury Demand (ECF No. 23) be **GRANTED,** and the action be **DISMISSED** with prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b)

and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on June 21, 2024.

Richard W. Bennett
United States Magistrate Judge