United States District Court
Southern District of Texas
**ENTERED**
July 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GABRIELA HABERER, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-23-3306 |
| § | |
| PRUDENTIAL INSURANCE COMPANY § | |
| OF AMERICA AND SYMMETRY ENERGY § | |
| SOLUTIONS, § | |
| § | |
| Defendants, § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

This court has reviewed the Memorandum and Recommendation of Judge Richard W. Bennett signed on June 21, 2024, and made a *de novo* determination. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989). Based on the pleadings, the parties' briefs, and the applicable law, the court adopts Judge Bennett's Memorandum and Recommendation as this court's Memorandum and Order. This court finds and concludes that: (1) the plaintiff's motion for leave to file the amended complaint, (Docket Entry No. 31), is granted in part and denied in part; (2) Prudential's motion to dismiss, (Docket Entry No. 14), is denied as moot; Prudential's motion to dismiss the first amendment complaint, (Docket Entry No. 21), is granted; Symmetry's motion to dismiss, (Docket Entry No. 16), is denied as moot; and Symmetry's motion to strike jury demand, (Docket Entry No. 23), is granted.

The court has carefully considered Gabriela Haberer's objections to the Memorandum and Recommendation and has determined that they should be overruled. (Docket Entry No. 45). Mrs. Haberer's objections depend on a theory of breach of fiduciary duty that is, for reasons thoroughly explained in the Memorandum and Recommendation, not actionable under ERISA. Mrs.

Haberer's allegations that the defendants knew Mr. Haberer was incapacitated but did no more than send him an email about the need to convert the life insurance policy amounts to a theory of negligence. Mrs. Haberer does not allege, in either her first or second amended complaints, the sort of "deceptive practices, misrepresentations, or other behavior typically associated with fiduciary breaches by employers under ERISA." *Shonowo v. Transocean Offshore Deepwater, Inc.*, 2011 WL 3418405, at *7 (S.D. Tex. Aug. 3, 2011) (quoting *Bodine v. Employers Cas. Co.*, 352 F.3d 245, 252 (5th Cir. 2003)).

The facts of this case are sad, and the result will add to the plaintiff's sadness. But Judge Bennett thoroughly examined the law and applied the correct legal standards and rulings to the facts in denying relief. Final judgment dismissing this case with prejudice is entered by separate order.

SIGNED on July 12, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge